**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **GALE KEITH GEMBER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CITY OF LINCOLN, NEB. and** )<br>**LINCOLN AREA AGENCY ON AGING,** )<br>)<br>**Defendants.** ) | **4:07CV3266**<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed his Complaint on November 30, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on November 30, 2007, against two Defendants, the City of Lincoln, Nebraska, and the Lincoln Area Agency on Aging. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are sparse and state that Plaintiff seeks a "court order requiring this city agency/depart. desiring individuals for volunteer activity to submit actual reasons for termination from said program, duties or training." (*Id.* at CM/ECF p. 2.) Plaintiff also alleges that "this issue does not fall under or pertain to any state or federal labor law." (*Id.*) Further, Plaintiff requests that "all governmental agencies" provide reasons for terminating a volunteer worker from a program. (*Id.* at CM/ECF p. 3.)

**II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss

a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

### III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are sparse. Nowhere in the Complaint does Plaintiff allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42,

48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer*, 446 F.3d at 802. Indeed, Plaintiff's claims are so non-specific that, even liberally construed, the court cannot determine any claim on which Plaintiff may proceed. Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 14, 2008,** to amend his Complaint to clearly state a claim on which relief can be granted against Defendants City of Lincoln, Nebraska and Lincoln Area Agency on Aging. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice;

2. No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **March 14, 2008**;

4. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 13th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge